NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

NOV 24 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-30156 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00128-TOR-2 |
| v. | |
| BRADLEY DALE HULL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted October 4, 2023
Seattle, Washington

Before:  WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,[**] District Judge.

Bradley Hull appeals from the district court's denial of his motion to suppress and from his conviction and sentence for two counts of possession with intent to distribute controlled substances.  We have jurisdiction pursuant to 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing.

1.     The district court did not err in denying Hull's motion to suppress. Assuming without deciding that Hull has standing to contest the search, we conclude that the search was supported by probable cause. *See United States v. Elmore*, 917 F.3d 1068, 1074 (9th Cir. 2019). Taken together, the facts recited in Detective Melton's affidavit created more than a "fair probability" that evidence of drug trafficking would be found in the trunk of Ms. Haynes's car. *Elmore*, 917 F.3d at 1074. These facts include: the confidential informant's statements that Hull and Ms. Haynes were involved in selling heroin and methamphetamine; law enforcement's controlled buys of heroin from Haynes; Hull's prior drug-related felony charges; the confidential informant's observations regarding drug paraphernalia in Haynes's residence; statements by residents of Haynes's home expressing concern regarding her drug sales; Detective Melton's observation of an individual hurriedly carrying a bag from Hull's residence to the trunk of Haynes's car just after law enforcement executed a warrant at Haynes's residence; law enforcement's recovery of a meth pipe from Haynes during the traffic stop and the subsequent field test of that meth pipe; and Haynes's responses to officers at the scene of the traffic stop regarding the contents of the grocery bag.

Further, Hull's post-trial showing was insufficient to warrant a *Franks*

2

hearing. *Franks v. Delaware*, 438 U.S. 154 (1978).[1] While Hull identifies inconsistencies between officers' accounts as to whether they conducted the field test of the meth pipe at the scene of the traffic stop or upon returning to the jail, this discrepancy does not rise to the level of a "substantial preliminary showing" that "(1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, i.e. necessary to finding probable cause." *United States v. Norris*, 942 F.3d 902, 910 (9th Cir. 2019) (citing *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017)).[2]

2. The district court erred by admitting Hull's April and May 2020 text messages at trial as "inextricably intertwined" evidence outside the scope of Federal Rule of Evidence 404(b). *See United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) ("Other act evidence that is inextricably intertwined with a charged offense is independently admissible and is exempt from the requirements of Rule

[1] Because the government does not contend that Hull's post-trial *Franks* motion was untimely, *see* Fed. R. Crim. P. 12(b)(3), we assume, without deciding, that he made the requisite showing of "good cause" to bring his post-trial motion and proceed to the merits. *Id.*

[2] Alternatively, we find that law enforcement lawfully conducted the search pursuant to the good faith exception. *See United States v. Leon*, 468 U.S. 897, 926 (1984). Detective Melton's affidavit was far from "barebones." *See United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013).

404(b)." (internal quotations omitted)). The April and May text messages are separated by a period of months from, and bear no other connection to, the events of February 7, 2020. Thus—as the government concedes on appeal—the text messages are not "inextricably intertwined" with the counts of conviction.

However, we conclude that the district court's error was harmless. Hull contends that the jury impermissibly relied on the text messages to establish his intent. But the text messages constituted admissible evidence for precisely that purpose under Rule 404(b).[3] *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982) ("We have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics.").[4] Moreover, the district court correctly found post-trial that "Defendant has not shown that the

---

[3] This was the purpose for which the government initially proffered the evidence and for which it provided pretrial notice.

[4] Hull contends, citing *United States v. Powell*, 587 F.2d 443 (9th Cir. 1978), that intent was not a material issue in this case because, in opening statement, he conceded that the drugs discovered in Haynes's trunk were of distribution quantity. But we have previously rejected the language Hull cites from *Powell* as dicta and held that "knowledge and intent [are] material issues in the case simply because the government ha[s] to prove them." *United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994). Here, in light of the government's burden to prove Hull's specific intent to distribute heroin and methamphetamine, the texts satisfy the materiality prong of the 404(b) analysis. *See United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).

4

evidence was unduly prejudicial."

3.   The district court did not clearly err in finding that additional drug transactions from the fall of 2019 constituted "relevant conduct" at sentencing. Hull contends that the conduct charged in the later-dismissed "Clark Counts" lack the similarity, regularity, and temporal proximity to be considered part of the "same course of conduct" for purposes of U.S.S.G. § 1B1.3. *See* U.S.S.G. § 1B1.3 cmt. n. 5(B)(ii); *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir. 1992). However, we agree with the district court that the conduct described in the Clark Counts, which included multiple instances of drug trafficking at or near Hull's mother's residence, established sufficient regularity and similarity to support a finding of relevant conduct. *Cf. Hahn*, 960 F.2d at 911 ("Regularity is wanting in the case of a solitary, temporally remote event, and therefore such an event cannot constitute relevant conduct without a strong showing of substantial similarity."). Similarly, the four-month gap between the Clark Counts and the offenses of conviction does not so undermine the district court's findings of similarity and regularity as to constitute clear error. *Id.* at 910. ("We cannot formulate precise recipes or ratios in which these components must exist in order to find relevant conduct.").

4.   The district court did not err by denying Hull's request for a mitigating role reduction at sentencing. Hull's contention that the district court must explicitly consider the U.S.S.G. § 3B1.2 factors on the record is unavailing. It is "well

5

established that a district court need not tick off sentencing factors to show that it considered them, because we assume that the district court knows and applies the law correctly." *United States v. Diaz*, 884 F.3d 911, 914–15 (9th Cir. 2018). Hull relies on *United States v. Quintero-Leyva*, a case the district court decided before the guidelines were amended to require consideration of all the § 3B1.2 factors. 823 F.3d 519, 523 (9th Cir. 2016). But "if the denial of a minor-role adjustment is challenged and the defendant's sentencing occurred after the Amendment's effective date . . . our caselaw requires that we assume the district judge knew the law and understood his or her obligation to consider all of the sentencing factors." *Diaz*, 884 F.3d at 916. Further, Hull fails to identify any facts in the record to contravene the district court's conclusion that he "presented no evidence to show that he's either a minor or a minimal participant in the drug distribution scheme."

5.    The district court did not err by applying a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We reject Hull's contention that a heightened quantum of proof requirement—namely, the common law "two witness" rule—should apply. *See, e.g. United States v. Brandyberry*, 438 F.2d 226, 227 (9th Cir. 1971). Rather, a "sentencing judge need only find by a preponderance of the evidence that the defendant committed perjury." *United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010).

6.    The district court erred by awarding Hull a criminal history point for

his state law misdemeanor conviction for negligent driving in the first degree. Based upon a comparison of negligent driving in the first degree, Wash Rev. Code § 46.61.5249, with negligent driving in the second degree, Wash. Rev. Code § 46.61.525(1)(a), and reckless driving, Wash. Rev. Code § 46.61.500(1), we conclude that negligent driving in the first degree is an offense "similar to" "reckless or careless driving" for purposes of U.S.S.G. § 4A1.2(a)(1).[5] *See United States v. Grob*, 625 F.3d 1209, 1213 (9th Cir. 2010) (applying "common sense" approach to similarity).

Negligent driving in the first degree criminalizes substantially the same driving conduct as the comparator offenses. The additional element of "exhibit[ing] the effects of having consumed liquor," which requires less than intoxication, is insufficient to render the offenses dissimilar. Further, the penalties applicable to each offense show that negligent driving in the first degree falls between the applicable punishments for the comparator offenses and thus does not indicate significantly more serious or culpable conduct. *See Grob*, 625 F.3d at 1213 (comparing the punishments imposed and considering the "perceived seriousness of the offense as indicated by the level of punishment").

Therefore, Hull's conviction for "negligent driving in the first degree" could

---

[5] Where, as here, there is no federal definition for the offense at issue, we "may look to either state law or the Model Penal Code." *Grob*, 625 F.3d at 1215.

only merit a criminal history point if his sentence was for a term of probation of more than one year or a term of imprisonment of at least thirty days. U.S.S.G. § 4A1.2(a)(1). Because Hull's sentence was one day of incarceration and 12 months of probation, the district court should not have awarded an additional criminal history point for that conviction.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**